## Case No. 314.

In re AMERICAN PLATE GLASS, etc., INS. CO.

[12 N. B. R. 56.]

District Court, D. New Jersey.

BANKRUPTCY—CONTINGENT LIABILITIES—FIRE INSURANCE POLICY.

[A fire insurance policy is a "contingent liability," within the meaning of section 19, cl. 4, of the bankruptcy act of 1867; and on the bankruptcy of the insurance company the assured is entitled to share in the dividends to the extent of any loss occurring before the order for the final dividend.]

In bankruptcy.

NIXON, District Judge. The question presented to the court under the proceedings in this case is, whether a claim against a bankrupt fire insurance company is provable for the amount of a loss on a policy of insurance, which occurred after the proceedings in bankruptcy had commenced. This depends obviously on the construction to be given to the fourth clause of the 19th section of the bankrupt act, to wit:—"In all cases of contingent debts and contingent liabilities, contracted by the bankrupt, and not herein otherwise provided for, the creditor may make claim therefor, and have his claim allowed, with the right to share in the dividends, if the contingency shall happen before the order for the final dividend." When we have ascertained what is here meant by "contingent debts and contingent liabilities," there is nothing left in the clause for construction. Is a policy of fire insurance a contingent debt, or contingent liability of the party which issues it? It certainly is not a debt in any proper sense of the term. It is a contract—an agreement of indemnity, on the part of the insurer, to make good the insured against loss from fire, of certain property described in the policy. It does

not become a debt until the contingency happens on which a demand for indemnity can be made, and the amount of the loss is ascertained. But it is, as certainly, a contingent liability. The party accepting the consideration and issuing the policy becomes liable for the payment of a sum of money upon the happening of an uncertain event. A careful examination of the American and English cases, shows that debts payable on a contingency, and contingent liabilities, which may never become due, are not provable against a bankrupt estate; because, whilst they exist in that condition, they are not susceptible of valuation. But the reason ceases in the case of a policy of insurance as soon as the contingency or loss happens, on which a demand for payment can be based.

An express provision for a claim of this sort was made in the 39th section of the bankrupt act of April 4, 1800, where it was enacted that "the assured in any policy of insurance shall be admitted to claim, and after the contingency or loss, to prove the debt thereon, in the like manner as if the same had happened before the issuing the commission; and the bankrupt shall be discharged, as if such money had been due and payable before the time of his or her becoming bankrupt." The 5th section of the bankrupt act of August 19th, 1841, was probably intended to have a broader scope. It provided that "all creditors whose debts are not due and payable until a future day, all annuitants, holders of bottomry and respondentia bonds, holders of policies of insurance, sureties, indorsers, bail, or other persons having uncertain or contingent demands against such bankrupt, shall be permitted to come in and prove such debts or claims under this act, and shall have a right when their debts and claims become absolute, to have the same allowed them." It was accordingly held by the supreme court in Mace v. Wells, 7 How. [48 U. S.] 272, that under this section, the surety of the bankrupt on a promissory note, had a right, in consequence of his mere liability to pay, to prove the demand against the maker, who had become bankrupt; and that his failure to make such proof did not entitle him to recover the money subsequently paid by him, although he did not make the payment until after the bankrupt's discharge. The principle of the decision undoubtedly was, that the amount of the demand was capable of being ascertained, and hence became provable within the provisions of the law. It was afterwards held in Riggin v. Magwire, 15 Wall. [82 U. S.] 549, that under the same section, so long as it remained wholly uncertain whether a contract or engagement would ever give rise to an actual duty or liability, and there was no means of removing the uncertainty by calculation, such contract or engagement was not provable.

The 19th section of the present bankrupt act, after providing for the proof of all debts due and payable from the bankrupt at the commencement of proceedings against him, and all debts then existing, but not payable until a future day; and for all claims against him as drawer, indorser, surety, bail, or guarantor upon any bill, bond, note, or other contract, or for any debt of another person, although his liability did not become absolute until after adjudication, then authorizes a creditor to make his claim for any other contingent liability, and accords to him the right to share in the dividends of the estate, if the contingency upon which the same becomes payable happens before the final dividend. I do not see any reason to doubt that this clause means what it says, and that under it a policy holder may claim for the full amount of his policy against the bankrupt company before any loss occurs. The claim thus put in is not susceptible of valuation, and all payment upon it must be postponed until the loss occurs. If none occur before the final dividend, nothing becomes due upon it. But if the contingency happen, to wit, a loss on the insured property before that date, the claimant is permitted to participate in the dividends of the estate, in the aggregate of his loss, whether total or partial, limited only by the amount of his policy.

It is, therefore, the opinion of the court that the claimant in this case is not excluded from proving his claim, from the fact that the loss occurred after adjudication, but before the final dividend.